IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C.A. NO. 2:12-cv-00773-MHS-CMC |
| | § | |
| | § | |
| DELI MANAGEMENT, INC. D/B/A | § | **JURY** |
| JASON'S DELI | § | |
| | § | |
| *Defendant.* | § | |

**DELI MANAGEMENT, INC., D/B/A JASON'S DELI'S
ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Deli Management, Inc., d/b/a Jason's Deli ("Deli Management") submits its Answer and Counterclaims to the Complaint filed by DietGoal Innovations LLC ("DietGoal"), and states as follows:

**PARTIES**

1. Deli Management lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 1, and therefore denies them.

2. Admitted.

**JURISDICTION AND VENUE**

3. Deli Management admits that this purports to be an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

4. Admitted.

5. Deli Management admits that the court has personal jurisdiction over it, but denies all other allegations of paragraph 5.

6. Deli Management admits that venue is proper with respect to the allegations directed at it, but denies that venue in this division, the Eastern District of Texas, is the most convenient forum for this action, and denies all other allegations of paragraph 6.

## THE PATENT-IN-SUIT

7. Deli Management admits that a purported copy of U.S. Patent No. 6,585,516 (the "'516 patent") is attached to the Complaint as Exhibit A, and that the `516 patent bears an issue date of July 1, 2003, and is entitled "Method and System for Computerized Visual Behavior Analysis, Training and Planning." All other allegations of paragraph 7 are denied.

8. Deli Management lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 8, and therefore denies them.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,585,516

9. Denied.

10. Denied.

11. Denied.

12. Paragraph 12 states a conclusion of law to which no response is required. To the extent that paragraph 12 includes any factual allegations, Deli Management lacks sufficient knowledge and information to form a belief about the truth of the allegations, and therefore denies them.

13. Denied.

## DEMAND FOR JURY TRIAL

14. No response is necessary.

## PRAYER FOR RELIEF

Deli Management opposes the relief requested and any other relief DietGoal may request.

## AFFIRMATIVE DEFENSES OF DELI MANAGEMENT

Incorporating by reference the foregoing paragraphs in their entirety, Deli Management states the following affirmative defenses and reserves the right to assert additional affirmative defenses after a reasonable opportunity for further investigation and/or discovery:

## FIRST AFFIRMATIVE DEFENSE

DietGoal's complaint against Deli Management fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Deli Management does not infringe, and has not infringed, any valid and enforceable claim of the `516 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily and/or by inducement), literally, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

The `516 patent is invalid for failure to meet the requirements of 35 U.S.C. Sec. 1 *et seq.*, including but not necessarily limited to the requirements of §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

DietGoal's claims against Deli Management are barred in whole or in part by the doctrines of waiver, acquiescence, estoppels, implied license, unclean hands and/or any other equitable remedy.

**FIFTH AFFIRMATIVE DEFENSE**

DietGoal's claim for damages against Deli Management for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

DietGoal is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable alleged injury.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, DietGoal lacks standing because it does not own all substantial rights in the `516 patent.

**EIGHTH AFFIRMATIVE DEFENSE**

DietGoal is estopped under the doctrines of prosecution history estoppels and/or prosecution history disavowal or disclaimer from construing the claims of the `516 patent to include any product, service, process, method, technology, feature or thing of Deli Management.

**NINTH AFFIRMATIVE DEFENSE**

DietGoal's claims are barred to the extent that Deli Management and/or other parties are licensed to practice the `516 patent and/or released from claims of infringement of the `516 patent.

## COUNTERCLAIM

Countercalim-Plaintiff, Deli Management, Inc. d/b/a Jason's Deli ("Deli Management), complains and alleges against Counterclaim-Defendant, DietGoal Innovations LLC ("DietGoal"), as follows:

### PARTIES

1. Deli Management, Inc. d/b/a Jason's Deli is a Texas Corporation with a Principal place of business at 2400 Broadway Street, Beaumont, Texas 77701.

2. DietGoal alleged that it is a Texas Limited Liability Company based in Austin Texas.

### JURISDICTION AND VENUE

3. Deli Management seeks a declaration of non-infringement and invalidity with respect to the `516 patent pursuant to 28 U.S.C. §§ 2201 *et seq.* and the patent statute, 35 U.S.C. § 101, *et seq.*

4. This Court has subject matter jurisdiction over Deli Management counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2002.

5. This Court has personal jurisdiction over DietGoal, *inter alia*, because DietGoal has submitted to personal jurisdiction herein by filing its complaint in this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

### COUNT I
**(Declaratory Judgment of Non-Infringement of the `516 Patent)**

7. Deli Management repeats and realleges each allegation set forth in paragraphs 1 through 7 of this counterclaim as if fully set forth herein.

8. Deli Management seeks a declaratory judgment that it does not infringe, and has not

infringed, any valid claim of the `516 patent.

9. A substantial and continuing controversy exists between Deli Management and DietGoal with regard to the alleged infringement of the `516 patent.

10. Deli Management does not infringe, and has not infringed, any valid and enforceable claim of the `516 patent under any theory, including directly, indirectly, contributorily and/or by inducement, whether literally or under the doctrine of equivalents, and no product, service, process, method, technology, feature or thing manufactured, used, sold or offered for sale by Deli Management infringes, or has infringed any valid and enforceable claim of the `516 patent under any theory, including directly, indirectly, contributorily and/or by inducement, whether literally or under the doctrine of equivalents.

## COUNT II
### (Declaratory Judgment of Invalidity of the `516 Patent)

11. Deli Management repeats and realleges each allegation set forth in paragraphs 1 through 10 of this counterclaim as if set forth in full herein.

12. Deli Management seeks a declaratory judgment that the `516 patent is invalid.

13. A substantial and continuing controversy exists between Deli Management and DietGoal with regard to the validity of the `516 patent.

14. The `516 patent is invalid for failure to meet the requirements of 35 U.S.C. § 1 *et seq.,* including but not necessarily limited to the requirements of §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Deli Management prays for judgment against DietGoal as follows:

A. That Deli Management has not infringed any claim of the `516 patent under any theory, including directly or indirectly, literally or under the doctrine of equivalents;

B. That the claims of the `516 patent are invalid;

    C.  That all relief from Deli Management requested by DietGoal should be denied;

    D.  That DietGoal's claims against Deli Management should be dismissed with prejudice;

    E.  That judgment should be entered against DietGoal and in favor of Deli Management in all respects;

    F.  That Deli Management should be awarded its attorneys' fees and costs incurred in this action; and

    G.  That Deli Management be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Deli Management hereby demands trial by jury on all issues so triable.

Dated: February 4, 2013                              Respectfully submitted,

                                                By: /s/ *J. Thad Heartfield*
                                                     J. Thad Heartfield
                                                     Texas Bar No. 09346800
                                                     E-mail: thad@jth-law.com
                                                     M. Dru Montgomery
                                                     Texas Bar No. 24010800
                                                     E-mail: dru@jth-law.com
                                                THE HEARTFIELD LAW FIRM
                                                2195 Dowlen Road
                                                Beaumont, Texas 77706
                                                Telephone: (409) 866-3318
                                                Fax: (409) 866-5789

                                                COUNSEL FOR DEFENDANT,
                                                DELI MANAGEMENT, INC.
                                                d/b/a JASON'S DELI

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of February, 2013. Any other counsel of record will be served by first class mail.

              /s/ *J. Thad Heartfield*
              J. Thad Heartfield